UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY FRADET,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>            Defendant. | No.  2:15-cv-0962 CKD PS<br><br><br>ORDER |

Plaintiff seeks judicial review of two decisions of the Commissioner of Social Security ("Commissioner") denying applications for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).  Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), contending the action is time barred with respect to the ALJ's decision dated December 30, 2011, for which a final decision was issued by the Appeals Council on March 8, 2013. Defendant also moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), contending that plaintiff failed to exhaust his administrative remedies with respect to the fully favorable decision issued by the ALJ on February 20, 2015 (addressing a subsequent application for benefits). Defendant's contentions are correct.

1

Pursuant to 42 U.S.C. § 405(g), a civil action seeking review of a final decision of the Commissioner of Social Security must be commenced within sixty days after mailing to plaintiff of the final agency decision. The governing regulations provide that "mailing" means the date of receipt by plaintiff, which is presumed to be five days after the date of notice of the final decision. See 20 C.F.R. § 422.210(c). The sixty day limitation is not jurisdictional but is a statute of limitations. See Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987).

In a decision dated December 30, 2011, the Administrative Law Judge ("ALJ") determined plaintiff is not disabled. Thereafter, by letter dated March 8, 2013, plaintiff was notified that the Appeals Council had denied plaintiff's request for review of the ALJ's decision. In the March 8, 2013 letter, plaintiff was advised that he could file a civil action in the United States District Court, asking for court review of the administrative decision. Plaintiff was also specifically advised that he must file such an action within sixty days after receipt of the letter and that the agency would assume plaintiff had received the letter five days after March 8 (i.e. March 13, 2013). Plaintiff was further advised that if he could not timely file an action in federal court, he could ask the Appeals Council to extend the time to file. The pending action was not filed until May 4, 2015, outside of the sixty day time limit.

In opposition to the motion to dismiss, plaintiff asks that the court "quit threatening" to "close this case and let's get it done." ECF No. 22. Plaintiff offers no reason why this action was not timely filed. Plaintiff has failed to demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment, sufficient to equitably toll the statute of limitations. See Jackson v. Astrue, 506 F.3d 1349, 1355 (11th Cir. 2007); see also Bowen v. City of New York, 476 U.S. 467, 481 (1986) (tolling appropriate only in rare cases). The motion to dismiss under Rule 12(b)(6) will therefore be granted.

Defendant further contends that this court lacks subject matter jurisdiction to review plaintiff's subsequent fully favorable ALJ decision. Defendant contends plaintiff has failed to exhaust administrative remedies because plaintiff did not file an appeal with the Appeals Council seeking review of the February 20, 2015 decision of the Administrative Law Judge. In opposition, plaintiff presents no argument on this issue. The record before the court demonstrates

that administrative remedies have not been exhausted with respect to the February 20, 2015 decision. This court accordingly does not have subject matter jurisdiction to review the ALJ's fully favorable determination. See Califano v. Sanders, 430 U.S. 99, 108 (1977).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 20) is granted; and

2. The Clerk of Court is directed to close this case.

Dated:  January 27, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4fradet0962.mtd

3